UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **GERALD ARCENEAUX** | **CIVIL DOCKET NO. 6:23-cv-01179** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **STATE FARM FIRE AND CASUALTY COMPANY** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by the defendant, State Farm Fire and Casualty Company (hereinafter, "State Farm" or "Defendant"). [Doc. 30]. The Motion is unopposed. For the following reasons, State Farm's Motion is GRANTED.

### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying … the part of each claim or defense … on which summary judgment is sought." Fed. R. Civ. P. 56. A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the

lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

The movant bears the burden of demonstrating the absence of a genuine dispute of material fact but need not negate every element of the nonmovant's claim. *Hongo v. Goodwin,* 781 F. App'x 357, 359 (5th Cir. 2019), *citing Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010). If the movant meets this burden, the burden then shifts to the nonmovant who is required to "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Texas Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir. 2004). However, summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker v. Gen. Motors, L.L.C.,* 853 F.3d 784, 788 (5th Cir. 2017) (quoting *Oliver v. Scott,* 276 F.3d 736, 744 (5th Cir. 2002)).

If the opposing party fails to address the movant's assertions of fact the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The Court, however, cannot grant summary judgment merely because the motion is unopposed. Fed. R. Civ. P. 56(e)(3); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995).

## LAW AND ANALYSIS

Plaintiff filed suit pursuant to this Court's diversity jurisdiction on August 29, 2023, alleging claims for Breach of Insurance Contract and Bad Faith against

Defendant. [Doc. 1]. Specifically, Plaintiff alleged significant property damage as a result of Hurricane Zeta in October 2020 for which State Farm failed to tender adequate insurance proceeds. *Id.* at p. 2. In its Motion, State Farm argues that Plaintiff's claims must be dismissed with prejudice because such claims are prescribed. [Doc. 30].

Under Louisiana law, insurance policies are treated as contracts between the insurance company and the insured and should be construed in a manner consistent with the Louisiana Civil Code's general rules of contract interpretation. *See IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020). Unless the contract involves a technical matter, words used in a contract must be given their generally prevailing meaning. La. Civ. Code art. 2047. Once a court ascertains the meaning of an insurance contract, it should grant summary judgment only, "when the facts are taken into account and it is clear that the provisions of the insurance policy do not afford coverage." *Supreme Servs. & Specialty Co., Inc. v. Sonny Greer, Inc.*, 958 So. 2d 634, 638 (La. 2007). "'[I]n the absence of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid.'" *Wilson v. Louisiana Citizens Prop. Ins. Corp.*, 375 So. 3d 961, 962 (La. 2024), *quoting Taranto v. Louisiana Citizens Prop. Ins. Corp.,* 62 So. 3d 721, 728 (La. 2011).

Here, the insurance contract unambiguously adopts a two-year prescriptive period following the date of loss: "**Suit Against Us**. No action will be brought against us unless there has been full compliance with all of the policy provisions. Any action by any party must be started within two years after the date of loss or damage." [Doc.

30-3, p. 40] (emphasis in original). Because Plaintiff alleges a date of loss in October of 2020 and did not file suit until August of 2023, [Doc. 1], Plaintiff's claims are prescribed. *See e.g. Wilson,* 375 So. 3d at 962 ("The two-year limitation in the Citizens' policy is consistent with this statute. Because plaintiff's suit was filed more than two years from the date of her loss, the claim is prescribed.").

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 30] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 29th day of August 2025.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE